UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

In re RICARDO LOURENSZ,

                    Debtor.

————————————————————————

RICARDO LOURENSZ,

               Appellant,

      -against-

TRUMBERG, MILLER, MORRIS
+ PARTNERS TRUMAN TRUST,

               Appellee.

————————————————————————X

**MEMORANDUM & ORDER**

26-cv-788 (NRM)

**NINA R. MORRISON**, United States District Judge:

    *Pro se* Appellant Ricardo Lourensz brings this bankruptcy appeal under 28 U.S.C. § 158 from the January 2, 2026 order of the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, granting Creditor U.S. Bank National Association Trust ("U.S. Bank") relief from an automatic stay pursuant to 11 U.S.C. § 362. Appellant seeks to vacate the January 2 order and moves for a temporary restraining order to maintain the status quo pending his appeal and prevent a foreclosure which, at the time the appeal was filed, was scheduled to take place on April 9, 2026. Because Lourensz's notice of appeal was untimely filed, this Court lacks subject matter jurisdiction over this appeal. Accordingly, Appellant's motion is denied, and the appeal is dismissed.

1

## BACKGROUND

Appellant is the borrower on a mortgage secured against the real property located at 189 Pulaski Street in Brooklyn. *In re Lourensz*, No. 25-bk-44242 (ESS) (Bankr. E.D.N.Y. 2025) ("*In re Lourensz*"), ECF No. 21 at 14–39.[1]  Appellant filed a Chapter 7 voluntary petition for bankruptcy on September 4, 2025 in the Bankruptcy Court for the Eastern District of New York. *In re Lourensz*, ECF No. 1.  That Chapter 7 proceeding was converted into a Chapter 13 proceeding on Appellant's motion on October 24, 2025. *In re Lourensz*, ECF Nos. 11 & 25.

On October 1, 2025, U.S. Bank moved for an order terminating the automatic stay, imposed pursuant to 11 U.S.C. § 362, as to 189 Pulaski Street. *In re Lourensz*, ECF No. 21.  The motion filed in Bankruptcy Court included an affidavit of service showing that, also on October 1, the motion was served upon Appellant by U.S. Mail delivery. *Id.* at 6.

A hearing on Appellee's motion was held on November 24 and December 30, 2025. *In re Lourensz*, Minute Entry dated Nov. 24, 2025; *In re Lourensz*, Minute Entry dated Dec. 30, 2025.  Appellant filed an opposition to Appellee's motion. *In re Lourensz*, ECF Nos. 37, 38, 39 & 40.  Following the hearing, the Bankruptcy Court found good cause to lift the automatic stay and, by order dated January 2, 2026, lifted the automatic stay. *In re Lourensz*, ECF No. 41.[2]

---

[1] Because the Court has not received a Bankruptcy Record, citations are to filings made in the underlying bankruptcy proceed and use ECF pagination.

[2] The Bankruptcy Court's order is dated January 2, 2026, though it was entered on January 5, 2026. *In re Lourensz*, ECF No. 41.

On January 15, 2026, Appellant moved for an extension of time to file an appeal from the January 2 order. *In re Lourensz*, ECF No. 45. The Bankruptcy Court granted this motion on January 20, 2026, and permitted Appellant to file his appeal on February 3, 2026. *In re Lourensz*, ECF No. 46. Appellant filed a notice of appeal ("notice") from the January 2 order on February 4, 2026. ECF No. 1.

Appellant initially filed a document labeled "Exhibit," containing records relating to the mortgage for the 189 Pulaski Street property and a foreclosure proceeding against that property. ECF No. 2 (Feb. 18, 2026). Appellant subsequently filed a motion for order to show cause, seeking a temporary restraining order and an order reinstating the automatic stay pursuant to 11 U.S.C. § 362. ECF No. 5 (Mar. 25, 2026). Appellant supported this motion by submitting to the Court a filing submitted in New York Supreme Court for Kings County, ECF No. 6 (Mar. 26, 2026), as well as additional documentation of his medical conditions and allegations of misconduct against Appellee, ECF No. 7 (Mar. 27, 2026).

### DISCUSSION

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, order, and decrees [of bankruptcy judges]." 28 U.S.C. § 158(a)(1). "An order granting or denying relief from an automatic stay is a final, appealable order." *Siemon v. Preuss*, No. 20-CV-7508 (GBD), 2021 WL 2167052, at *1 (S.D.N.Y. May 27, 2021) (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37–38 (2020)); *see also In re Reynoso*, No. 23-CV-2618 (CBA), 2024 WL 1118264, at *4 (E.D.N.Y. Mar. 14, 2024) ("Congress made orders in bankruptcy cases

immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." (citation modified)).

Such appeals must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1).

The Second Circuit has made clear "that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal . . . ." *Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 114–16 (2d Cir. 2014) (discussing the holding of *In re Siemon*); *New Era Pro. Prep Servs., LLC v. Unity Bank*, No. 23-CV-7595 (RPK), 2024 WL 5049819, at *3 (E.D.N.Y. Dec. 9, 2024) ("The Second Circuit has previously held that the filing deadline in Rule 8002(a) is jurisdictional — in which case the court plainly lacks authority to consider [an] untimely appeal.").[3] "Because the time limit contained in Rule 8002(a) is jurisdictional, it is strictly enforced, even when applied to cases involving *pro se* litigants." *In re Hurley*, No. 24-CV-5630 (DG), 2024 WL 4827812, at *2 (E.D.N.Y. Nov. 18, 2024) (collecting cases).

---

[3] The *New Era Professional Prep* Court observed that "two courts of appeals have recently held that the deadline is *not* jurisdictional," *see* 2024 WL 5049819, at *2 (citing *In re VeroBlue Farms USA, Inc.*, 6 F.4th 880, 887 (8th Cir. 2021) and *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020)), but ultimately noted that it "must follow binding Second Circuit precedent" until it is overruled by the Second Circuit or undermined by the Supreme Court. *Id.* (citation omitted).

Here, Appellant's notice of appeal was untimely.  Though the notice is dated February 3, 2026, it was file-stamped by the Clerk of the Bankruptcy Court on February 4, 2025.  ECF No. 1 at 3; *see also In re Soundview Elite Ltd.*, 512 B.R. 155, 157 n.2 (S.D.N.Y. 2014) ("[A] filing is presumed to be made on the date file-stamped by the Clerk." (quoting *Etheredge–Brown v. Am. Media, Inc.*, No. 13-CV-1982 (JPO), 2014 WL 1316352, at *2 (S.D.N.Y. Mar. 31, 2014)).  The Bankruptcy Court's order extending Appellant's time to file the notice provided Appellant until February 3, 2026 to file.[4]  *In re Lourensz*, ECF No. 46.  Appellant thus failed to file the notice by the extended deadline.

Appellant elsewhere alludes to his blindness and other health issues to justify an extension of time to file the notice.  *In re Lourensz*, ECF No. 45 at 1–2.  But Rule 8002(a) contains a strict jurisdictional time limit, and neither Appellant's *pro se* status nor his health issues can save his appeal when the notice was (as here) untimely filed, even if his notice was filed only one day late.  *See Ivers v. Ciena Cap. LLC*, No. 15-CV-7993 (RA), 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) ("The rule established by *In re Siemon* may seem draconian, especially in the context of *pro*

---

[4] A bankruptcy court may, in certain circumstances, extend the time to file a notice of appeal if a party files a motion requesting such extension within twenty-one days of the deadline outlined in Rule 8002(a) and shows "excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B).  However, the bankruptcy rules appear to prohibit a bankruptcy court from granting such an extension "if the judgment, order, or decree being appealed . . . grants relief from an automatic stay under § 362." Fed. R. Bankr. P. 8002(d)(2)(A).  Because Appellant's notice was untimely, even under the extension provided by the Bankruptcy Court, this Court declines to reach the issues of whether the extension provided to Appellant was permitted under Rule 8002 and whether, even if it was not, Appellant was entitled to rely on that order and file his notice of appeal on or before the extended deadline set by the bankruptcy court.

*se* appellants who file their notices of appeal close to, but nonetheless after, the deadline. Yet district courts routinely dismiss bankruptcy appeals filed in just those circumstances." (collecting cases)).

Ultimately, Appellant's notice was untimely. Accordingly, this Court is constrained to dismiss this appeal for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Appellant's motion for order to show cause is DENIED and this appeal is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 17, 2026
    Brooklyn, New York

6